UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAREK STOKLOSA, VIVIAN STOKLOSA and 1285 RICHARDSON AVENUE, LLC,<br><br>　　　　Plaintiffs,<br>　v.<br><br>ALLSTATE INSURANCE COMPANY and MIRANDA CHIU,<br><br>　　　　Defendants. | Case No.: C 08-04961 PVT<br><br>**ORDER DENYING DEFENDANT MIRANDA CHIU'S MOTION TO DISMISS**<br><br>**[Docket No. 6]** |

## INTRODUCTION

Defendant Miranda Chiu moves to dismiss the complaint against her alone on the grounds that she is a sham defendant named to defeat diversity jurisdiction. Plaintiffs Marek Stoklosa, Vivian Stoklosa and 1285 Richardson Avenue, LLC. (collectively "plaintiffs") oppose the motion. On December 16, 2008, the parties appeared for hearing. Having reviewed the papers and considered the arguments of the parties, defendant Chiu's motion to dismiss is denied.[1]

## BACKGROUND

Marek and Vivian Stoklosa are husband and wife and in or around January 2004, purchased a home located at 1285 Richardson Avenue in Los Altos. ("Richardson residence"). The couple originally intended to remodel and occupy the Richardson residence themselves but due to personal

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

ORDER, *page 1*

circumstances, elected to rent the home instead. In October 2004, plaintiffs Stoklosas transferred ownership of the Richardson residence to a Wyoming limited liability company, identified as 1285 Richardson LLC. ("Richardson LLC").

In or around January 2004, plaintiffs Stoklosas contacted an Allstate Insurance Company agent named Miranda Chiu and obtained insurance coverage for the Richardson residence. At the time, plaintiffs Stoklosas's other properties and automobiles were covered by other insurance companies and policies.

In or around March 2004, Ms. Stoklosa asked Ms. Chiu about obtaining an umbrella (or broad liability protection) policy for her home and the various rental properties. Ms. Chiu informed Mrs. Stoklosa that she would check on the requested policy and contact her again. Ms. Chiu later notified Mrs. Stoklosa that she write the policy but that it would be better if the policy covered everything, including plaintiffs' two automobiles, home and four rental properties. Plaintiffs Stoklosas agreed and an umbrella policy was issued in the Fall of 2004.

On November 25, 2004, Allstate Insurance Company Umbrella Policy No. 914573939 became effective. It carried excess liability coverage of $2 million. However, the policy lacked "XR coverage," which would have provided coverage to the Richardson residence, and other various rental properties. Plaintiffs allege that Ms. Chiu represented to them that liabilities arising out of the Richardson residence and the other various rental properties would be covered. In reliance thereto, plaintiffs paid their monthly insurance premiums.

In or around April 2005, the tenants residing at the Richardson residence complained of rats. The city inspected the Richardson residence and ordered the premises vacated.

In or around November 3, 2005, Richardson LLC filed an action against the Richardson residence tenants alleging claims of breach of lease, money owed and sought damages. On March 20, 2006, the tenants cross-complained against the plaintiffs, and for their part, alleged 13 causes of action.

Plaintiffs Stoklosas believed the cross-complaint to be without merit and in an initial effort to protect their claims history, did not tender the cross-complaint to the insurance company. If judgment were entered against them, plaintiffs nonetheless believed that their Allstate umbrella

1 policy would provide them with coverage.

2 During the summer of 2006, Ms. Stoklosa discussed the pending litigation with Ms. Chiu.
3 Ms. Chiu did not advise Ms. Stoklosa that she needed to report the claim to anyone other than
4 herself.

5 In or around 2007, Ms. Chiu advised plaintiffs to report the claim to the claims office. On
6 October 23, 2007 plaintiffs' counsel formally notified Ms. Chiu of the claim. They also spoke with
7 another Allstate representative to report the claim.

8 On December 14, 2007, Richardson LLC agreed to pay $70,000 to the tenants in exchange
9 for a full release of all known and unknown facts.. By then, plaintiffs had spent $350,000 in
10 attorneys' fees and costs.

11 On February 28, 2008, Allstate denied the tender on the grounds that the umbrella policy
12 contained a business pursuits exclusion, and therefore, did not cover the various rental properties,
13 including the Richardson residence.

14 On July 30, 2008, plaintiffs filed an action against Allstate Insurance Company and Ms. Chiu
15 alleging claims of negligence, reformation, negligent misrepresentation, breach of contract to
16 procure insurance as to Ms. Chiu, and breach of contract and estoppel as to Allstate. The complaint
17 was filed in Santa Clara Superior Court.

18 On October 29, 2008, defendants removed the action to federal court and on October 30,
19 2008, Ms. Chiu moved to dismiss the complaint against her for fraudulent joinder. The parties have
20 consented to jurisdiction of this court.

21 **DISCUSSION**

22 Defendant Chiu moves to dismiss on the grounds she has been named as a sham defendant in
23 order for plaintiffs to defeat diversity jurisdiction. Plaintiffs Stoklosas are residents of California and
24 Richardson LLC is a resident of Wyoming. Defendant Allstate is a resident of Illinois and defendant
25 Chiu is a resident of California. Plaintiffs contend, however, that defendant Chiu faces individual
26 liability based on the facts and the nature of the claims alleged against her, and if they are successful
27 on this motion, intend to move for remand.

28 "'Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a

resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'" *Mercado v. Allstate Ins. Co.,* 340 F.3d 824, 826 (9th Cir. 2003)(citing *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Property and Casualty Ins. Co., et al.,* 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002). "Because the court must resolve all doubts against removal, we employ a presumption against fraudulent joinder." *Id.* "[T]he court must resolve all material ambiguities in state law in plaintiff's favor." *Id.*

"It is well established that, unless an agent or employee acts as a dual agent , she cannot be held individually liable as a defendant unless she acts for her own personal advantage." *Id.* "An employee acts as a 'dual agent' by assuming special duties for the benefit of the insured beyond those required by her principal." *Id.* at fn.1. In other words, "[u]nder California law, it is 'well-established' that an insurance agent has no liability for acts undertaken within the scope of his or her agency." *Cecena v. Allstate Ins. Co.,* 2005 WL 2893780 (N.D.Cal.)(not for citation). *See also, Edwin J. Lippert, et al. v. George W. Bailey,* 241 Cal.App.2d 376, 382 (general view that principal is liable and not the agent).

However, there are exceptions to the general rule stated above. For example, an agent may be individually liable for acts of fraud or intentional misrepresentation. *See, e.g., McNeil v. State Farm*, (2004) Cal.App. 4th 597, 603. Indeed, "[some] California courts have recognized two exceptions to the general *Lippert* rule:(1) the dual agency exception, and (2) the 'special duty' exception." *Jessen v. Fuller-Logan Ins. Agency,* 2007 WL 1557566 (N.D. Cal.)(citing *Macey v. Allstate Property and Casualty Ins. Co., supra,* 220 F.Supp.2d at 1120).

In *Jessen,* the court found that the agent had assumed special duties by procuring an increase in policy limits at the insured's request and failing to timely procure such increase. *Jessen v. Fuller-Logan Ins. Agency,* 2007 WL 1557566 *2. The court reasoned that "[u]nder California law, '[a]n insurance agent has an obligation to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured.'" *Id.*

In *Macey,* the agents at the insurance company assured the insured, orally and in writing, that a

ORDER, *page 4*

newly purchased automobile was covered by his policy when, in fact, it was not. As a result, the insured drove the automobile. And following an automobile accident, the insurance company denied coverage on the grounds the automobile was not covered by the policy. The court noted that "post-*Lippert* California cases [] have endorsed the idea that courts should draw on general principles of tort law to inform their thinking about whether to recognize a personal duty running from an agent to an insured- thus undercutting, at least, indirectly, the notion that may be implicit in *Lippert* that there is something unique about the insurance context that justifies insulating a carrier's agents from tort liability rules that would apply to agents for other kinds of principals." *Macey v. Allstate Property and Casualty Ins. Co., et al., supra,* 220 F.Supp.2d at 1122.

The court further noted that some federal courts applying California law may have established a 'special duty' exception. *Id.* at 1120. Specifically, "a duty in an agent and carrier may arise when any one of the following circumstances can be proved: (a) the agent misrepresents the nature, extent or scope of the coverage being offered or provided (as in *Free, Desai,* and *Nacsa)*, (b) there is a request or inquiry by the insured for a particular type or extent of coverage (as in *Westrick)*, or (c) the agent assumes an additional duty by either express agreement or by 'holding himself out' as having expertise in a given field of insurance (as in *Kurtz*)." *Id.* at 1126. Moreover, "'California courts have created exceptions to the *Lippert* rule by making agents personally liable for damages resulting from misrepresentations as to coverage. This exception is derived from the premise that 'representations as to the scope of coverage imposes [sic] upon the agent a 'special duty' of care to the insured.'" *Id.* at 1127 (quoting *Smith v. New England Mut. Life Ins. Co.,* 1998 WL 775124 at *1 (N.D. Cal. 1998)).

Here, plaintiffs Stoklosas allege that defendant Chiu affirmatively represented to them that the various rental properties, including the Richardson residence, would be covered by the umbrella policy they obtained in or around November 2004. Indeed, Ms. Stoklosa specifically requested such coverage. Plaintiffs further allege that defendant Chiu knew that they were leasing at least two of the properties they owned as she also, procured renters' insurance policies for them. Therefore, plaintiffs allege that defendant Chiu knew or should have known that the umbrella policy required the XR endorsement and that she should be individually liable for her negligent or intentional acts.

Without even considering the dual agency exception (as the court did in *Macey)*,  defendant

Chiu can be found to have had a special duty to plaintiffs here. Defendant Chiu was an insurance agent for Allstate, who held herself out to plaintiffs as having an expertise in procuring insurance coverage, and she allegedly misrepresented to plaintiffs the scope of the coverage provided by the umbrella policy. As stated by the *Jessen* court, "[u]nder California law, '[a]n insurance agent has an obligation to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured.'" Accordingly, defendant Chiu's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, defendant Chiu's motion is denied.

IT IS SO ORDERED.

Dated: January 6, 2009

*Patricia V. Trumbull*

PATRICIA V. TRUMBULL
United States Magistrate Judge